## GEORGE W. COLLINS *vs.* CALVIN BLAKE.

Aroostook.   Opinion March 3, 1887.

*Liens on animals. R. S., c. 91 § 41.*

The statute giving a lien for feeding and sheltering animals provided that it should be enforced "as liens on goods and personal baggage by inn-holders or keepers of boarding houses." *Held*: That repealing the mode of remedy in the latter case did not repeal or change the remedy applicable to the former.*

ON report upon agreed statement of facts.

Trespass, for taking and converting to the defendant's own use three colts.   The colts were taken by the defendant, then a deputy sheriff of the county of Somerset, April 21, 1883, and were sold by him by virtue of an execution issued on a decree for lien on the colts and for sale of the same, made at the Supreme Judicial Court for Somerset county, March term, 1883, on a petition for lien for keeping the colts, by Frank Lord of Ripley, in the county of Somerset, entered in said court December term, 1882.   In that petition Charles F. Collins is alleged to be the owner of the animals, and in the decree and execution Charles F. Collins is stated to be the owner of the animals.   The keeping of the colts by Frank Lord was by and with the consent of George W. Collins, plaintiff in the present suit.   The plaintiff in this suit was the owner of the colts at the time they were taken by the defendant and sold.   If this action can be maintained, judgment to be for the plaintiff and damages to be assessed by the jury, otherwise plaintiff to become nonsuit.

*Wilson and Lumbert*, for plaintiff.

It is well settled that an officer is protected only when he proceeds under a precept regular on its face and issued from a tribunal having jurisdiction of the subject matter. *Nowell* v. *Tripp*, 61 Maine, 430, citing 14 Wallace, 613.

---

* Liens on animals are now enforced in the same manner as liens on goods and choses in action.   See Stat. 1887, c. 1, enacted after the opinion in this case was written. REPORTER.

See also *Elsemore* v. *Longfellow*, 76 Maine, 128 ; *Wilmarth* v. *Burt*, 7 Met. 259 ; *Clark* v. *May*, 2 Gray, 413 ; *Donahoe* v. *Shed*, 8 Met. 326 ; Hilliard on Torts, 4th ed. vol. 2, p. 126. Now in this case these two necessary facts do not exist.

The petition was dated Nov. 22, 1882, and was to enforce a lien for feeding and sheltering the colts from and including the winter season of 1880-81, to the date of the petition. The case is the same which is referred to in *Lord* v. *Collins*, 76 Maine, 443.

The Supreme Judicial Court at that time had no jurisdiction of such liens. The remedy provided for innholders and keepers of boarding houses at that time was a sale at auction under chapter 99 of the public laws of 1876.

"Liens are in derogation of the common law and the court is not authorized to extend the law beyond the objects specifically provided for or enforce a remedy by statute except in accordance with the items thereof." *Lord* v. *Collins*, 76 Maine, 444. His precept was issued by virtue of a proceeding not according to the course of the common law and although the court was one of general jurisdiction there was no presumption of jurisdiction. *Prentiss* v. *Parks*, 65 Maine, 562 ; *Penobscot R. R. Co* v. *Weeks*, 52 Maine, 456 ; *Com.* v. *Blood*, 97 Mass. 538 ; *Morse* v. *Presby*, 5 Foster, 302.

Everybody is bound to know the law and what is authorized. *Vinton* v. *Weaver*, 41 Maine, 430.

The execution was therefore illegal on its face and was issued by a court having no jurisdiction of the subject matter. *Fisher* v. *McGirr & als.* 1 Gray, 45 ; *Greene* v. *Briggs*, 1 Curtis, C. C. R. 335 ; *Com.* v. *Crotty*, 10 Allen, 405 ; *Smith* v. *Keniston*, 100 Mass. 173.

"It is well settled that a warrant issuing from a court or magistrate having no jurisdiction of the case confers no authority on the officer who executes it." *Bowker* v. *Lowell*, 49 Maine, 430, opinion of Judge GOODNOW ; Hilliard on Torts 4th ed. vol. 2, p. 125.

Every fact essential to the special jurisdiction must appear upon the record. 65 Maine, 562, and 52 Maine, 456.

"It is held that where the subject matter of the suit is not within the jurisdiction of a court all the proceedings are absolutely void and the officer is a trespasser." Hillard on Torts, 4th ed. vol. 2, p. 130, sec. 3.

*J. O. Bradbury,* for the defendant, cited: *Guptill* v. *Richardson,* 62 Maine, 237; *Gray* v. *Kimball,* 42 Maine, 307; *Horton* v. *Auchmoody,* 7 Wend, 200; *Fisher* v. *McGirr,* 1 Gray, 1; *State* v. *McNally,* 34 Maine, 210; *Gurney* v. *Tufts,* 37 Maine, 130; *Wilton Mf'g Co.* v. *Butler,* 34 Maine, 431.

PETERS, C. J. We think the *in rem* judgment which is attacked by the plaintiff in this case, was not erroneously granted. The statute gave a lien on animals for feeding and sheltering them, the lien "to be enforced in the same manner as liens on goods and personal baggage by inn-keepers or keepers of boarding houses."

That meant enforcement in the manner then existing,— not as it might be in the future by a new enactment. A reference was the readiest way to describe the process to be employed for enforcement. The repeal of the process in the one case does not repeal the process in the other, there being no words in the act of repeal including the latter. Suppose the inn-holders' lien had been wholly abrogated, would it be pretended that the lien on animals would fall with it? There is no dependency between the two classes of liens or their enforcement. The case of *Lord* v. *Collins,* 76 Maine, 443, by implication, so settles the question.

The act affecting this case was passed before the present revised statutes; which retain, on this subject, a reference to a law after it has been changed or repealed. The complication needs the notice of the legislative department, to prevent misadventure.

*Plaintiff nonsuit.*

WALTON, DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.