COMMONWEALTH *vs.* CHARLES E. KENDALL.

Suffolk.     March 21. — May 5, 1887.     FIELD, C. ALLEN, & GARDNER, JJ., absent.

The St. of 1885, *c.* 352, § 8, provides that no person shall sell, or have in his possession with intent to sell, skimmed milk below a certain standard, and enacts that whoever violates the provisions of this section shall be punished by the penalties provided in the Pub. Sts. *c.* 57, § 5. *Held*, on a complaint made under the St. of 1885, *c.* 352, § 8, for an offence committed after the St. of 1886, *c.* 318, § 2, took effect, that, even if the last-named statute repealed by implication the Pub. Sts. *c.* 57, § 5, the complaint could be maintained.

COMPLAINT on the St. of 1885, *c*. 352, § 8, to the Municipal Court of the city of Boston, alleging that the defendant, on October 13, 1886, had in his possession one pint of skimmed milk, containing less than nine and three tenths per cent of milk solids, exclusive of fat, with intent unlawfully to sell the same.

In the Superior Court, on appeal, before the jury were empanelled, the defendant renewed a motion, which was made and overruled in the Municipal Court, to quash the complaint, for the following reasons : 1. Because the law provides no penalty for the offence alleged therein. Section 5 of the Pub. Sts. *c*. 57, was repealed, by substitution, by the St. of 1886, *c*. 318, § 2. 2. Because said court has no jurisdiction of the alleged offence. 3. Because said complaint sets forth no crime or offence known to the law. *Mason*, J., overruled the motion. The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*J. A. McGeough*, for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.

DEVENS, J. The contention of the defendant is, that, as the complaint in the case at bar was brought under the St. of 1885, *c*. 352, § 8, the penalty for the offences described in which was provided for by reference to the Pub. Sts. *c*. 57, § 5, and further, that, as at the time of the alleged offence § 5 of the Pub. Sts. *c*. 57 had been repealed, by substitution, by § 2 of the St. of 1886, *c*. 318, there was, therefore, no offence for which any legal penalty had been provided, and thus that no prosecution could be maintained. *Commonwealth* v. *Kenneson,* 143 Mass. 418. *Commonwealth* v. *Kelliher,* 12 Allen, 480.

If we give the defendant the full benefit of his contention, that § 5 of the Pub. Sts. *c*. 57, is repealed by necessary implication, the result that there is no legal offence under the St. of 1885, *c*. 352, § 8, for which any penalty has been provided, by no means follows. When the St. of 1885, *c*. 352, § 8, enacts that " whoever violates the provisions of this section shall be punished by the penalties provided in section five of chapter fifty-seven of the Public Statutes," it describes the penalties by reference to that section. They are different, as the offence may be a first, second, or subsequent one, and, without recapitulating them in detail, they are thus imported into the St. of 1885. If different penalties are from time to time afterwards imposed

for the offences described in the Public Statutes, such penalties would not be imposed for the offence described in the St. of 1885, unless there was some legislation which applied them to it. The penalties which are imposed by the Public Statutes as they then existed are the penalties imposed by the St. of 1885, and, for the purpose of defining them, the later statute incorporates with itself the earlier one, so far as it relates to them. Where a prior act, or, as in the case at bar, part of a prior act, is incorporated with a subsequent act, it is the same thing as if the words of the first act had been repeated in the second act, so that the repeal of the first act will not take away the effect of the words which are so repeated in the second act by means of this incorporation. *Regina* v. *Stock,* 8 A. & E. 405. *Regina* v. *Merionethshire,* 6 Q. B. 343. *Regina* v. *Smith,* L. R. 8 Q. B. 146. *Regina* v. *Brecon,* 15. Q. B. 813. Difficulty may sometimes be experienced in determining whether a former act or a portion of it is incorporated in the later one. *Boden* v. *Smith,* 18 L. J. (N. S.) C. P. 121. But it does not exist in this case.

We are of opinion that the penalties imposed by the Pub. Sts. *c.* 57, § 5, are made a part of the St. of 1885, *c.* 352, § 8, as clearly as if they were written out at length and in terms recited in it. *Exceptions overruled. .*