STATE, EX REL. GEORGE SAYER, RELATOR, v. GEORGE C. JUNKIN, SECRETARY OF STATE, RESPONDENT.

FILED NOVEMBER 16, 1910.  No. 16,898.

1. Statutes: INCORPORATION OF PROVISIONS BY REFERENCE. When the provisions of a statute prescribing a method of procedure are incorporated by reference in a later act, the provisions referred to become a part of the statute incorporating them, and if the first statute is repealed by the same act the rules of procedure incorporated continue in force as a part of the later statute.

2. ———: ———: REPEAL OF FORMER ACT. The provisions of section 5776, Ann. St. 1903 (laws 1897, ch. 31, sec. 13), having been incorporated in chapter 52, laws 1907, are still effective as a rule of procedure, even though this section is repealed by the same act.

3. Mandamus: ELECTIONS: CERTIFICATION OF CANDIDATES. An action to compel the secretary of state to certify the name of a candi-

54

date nominated to fill a vacancy in a primary nomination is premature if brought before the expiration of three days after the filing of the certificate of nomination.

ORIGINAL application for a writ of mandamus to compel respondent to certify the name of relator as a candidate for state senator. *Action dismissed.*

*T. J. Doyle* and *G. L. De Lacy,* for relator.

*William T. Thompson, Attorney General,* and *George W. Ayres, contra.*

LETTON, J.

This is a mandamus proceeding to compel the secretary of state to certify the name of George Sayer as the candidate of the people's independent party for state senator for the Twenty-ninth senatorial district for the election to be held November 8, 1910.

The respondent admits that on the 24th of September, 1910, the relator was named at a meeting of the committee of the people's independent party for the Twenty-ninth senatorial district as the nominee of that party to fill an alleged vacancy caused by the alleged declination of one W. H. McGowan to run as the candidate for senator of said party in said district, and that, although requested, he as secretary of state has refused to place the name of the relator upon the official ballot or to certify the same to the county clerks of the respective counties comprising that district. It is also admitted that no names were printed on the ballots for the primary election as candidates of that party; that four persons each received one vote as the nominee of that party for that office at the primary, the name being written in; that the canvassing board practically cast lots, and that the choice fell on W. H. McGowan, who was at once notified of the result; that McGowan did not within ten days thereafter file an acceptance of the nomination, and has

never notified respondent in any way that he declined the nomination. Two certificates of nomination were filed with respondent. The first certificate filed was lacking in several essential particulars, and the respondent properly refused to act upon it. A second certificate complying with the statute was filed on the 27th day of October, 1910, and an amended petition based thereon was filed on October 29. It is unnecessary to discuss the defects in the first certificate.

The main contention of the respondent is that the mere fact that the name of a person was written in the primary ballot as a candidate of the people's independent party for the office of state senator did not constitute a nomination, without an acceptance within ten days; that McGowan did not accept, and therefore never became the candidate of the party; and, if he was not a candidate, there was no vacancy to fill. He further contends that, conceding that McGowan was nominated, the provisions of sections 11 and 13, ch. 31, laws 1897, with relation to the declination of and refusal to accept nominations were not complied with by Mr. McGowan, and hence the committee had no power to act. We are of opinion that section 4, ch. 50, laws 1909 (amending section 5869, Ann. St. 1907), which provides in substance that, should any person whose name is written in the ballot as a candidate for an office receive the highest number of votes at the primary election, and within ten days file an acceptance of the same, he shall be deemed the regular candidate of that party for the office, controls, and repeals by implication so much of the sections relied upon as are inconsistent therewith. That, when McGowan was declared the nominee by the canvassing board, he thereby became the nominee of that political party for that office; that he had the option of becoming the candidate for the office by filing his acceptance within ten days, but, failing to do so, the nomination became ineffective, the party had no candidate in the field, and a vacancy *ipso facto* occurred. This vacancy, under section 13, ch. 31, laws 1897, the

committee of that particular party was authorized to fill, and to certify the nomination to the secretary of state.

It is contended, however, that this section was repealed by chapter 66, laws 1905, or, if not affected by that act, by chapter 52, laws 1907. We think the 1905 act does not apply, since by its title the act provides only for primary elections in counties having a population of more than 125,000 inhabitants, and this section is only repealed "so far as the same conflicts with the provisions of this act." Chapter 52, laws 1907, specifically repeals section 5776 Ann. St. 1903, together with a number of other sections of this statute. Section 5776 is section 13 of ch. 31, laws 1897, relating to the filling of vacancies. In the absence of anything in the act to the contrary, this would be an effective repeal. However, section 27 of the same act (laws 1907, ch. 52) provides: "Vacancies occurring upon any party ticket after the holding of any primary shall be filled by a majority vote of the party committee of the city, district, county or state, as the case may be, and a certificate of such nomination shall be filed as required by section 5776 of Cobbey's Annotated Statutes, 1903."

It is a well-known principle of statutory construction that when a portion of an act is incorporated by reference in a later act, if the first act is repealed, it will not affect the later statute which by reference has embodied within itself the provisions of the former act. *Shull v. Barton,* 58 Neb. 741; *Schwenke v. Union Depot & R. Co.,* 7 Colo. 512; 1 Sutherland (Lewis) Statutory Construction (2d ed.) sec. 257. Applying this principle, and construing the provisions of section 27, ch. 52, laws 1907, and of section 13, ch. 31, laws 1897 (Ann. St. 1903, sec. 5776), together, we are of opinion that the committee was authorized to fill the vacancy and certify the nomination to the secretary of state. This having been done upon the 27th of October, more than eight days before the election, it became the duty of that officer to certify the name of the relator to the county clerks of the respective counties comprising the Twenty-ninth senatorial district. The

statute (laws 1907, ch. 52, sec. 42), however, provides three days after the filing of a certificate of nomination within which objections to the placing of the name upon the ballot may be filed. Three days had not elapsed from the time of filing the certificate of nomination when the amended petition was filed, and hence the respondent was under no legal duty to issue the certificate at that time. We are of opinion, however, that at the expiration of the time limited, if no objections are filed in the meantime, it will be his duty so to do.

This action, being prematurely brought, is dismissed at the relator's cost.

DISSMISSED.