# Ex parte McMAHAN.

No. A-11657.  Nov. 7, 1951.

(237 P. 2d 462.)

Kienzle & Tankersley, Shawnee, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Ass't Atty. Gen., and Almon Henson, Co. Atty., Pottawatomie County, Shawnee, for respondent.

JONES, J.  This is an original action in habeas corpus wherein the petitioner, Joe Beaver McMahan, alleges that he is unlawfully imprisoned in the county jail of Pottawatomie county.

The verified petition alleges that on April 11, 1951, the county attorney of Pottawatomie county filed an information in the county court of Pottawatomie county substantially alleging that on or about April 10, 1951, the petitioner was driving his automobile on State Highway No. 18, while under the influence of intoxicating liquor, in a southerly direction from Shawnee, Oklahoma, to a point approximately 2 7/10 miles south of Shawnee.

The petition further alleges that on September 24, 1951, petitioner entered his plea of guilty to the purported charges set forth in said information and was

thereupon sentenced by the county court of Pottawatomie county to serve a term of 60 days in the county jail and to pay a fine of $250 and all court costs, and pursuant to said judgment and sentence the petitioner was placed in the county jail and is at the present time confined in said jail, serving said judgment and sentence.

The petition further alleges that the judgment and sentence was void for the reason that the information upon which it was based did not define any offense punishable under the laws of the State of Oklahoma, for the reason that the county attorney attempted to charge the petitioner under, and by virtue of, the provisions of 47 O. S. 1941 § 93, which provides:

"It shall be unlawful for any person who is under the influence of intoxicating liquor, or who is an habitual user of veronal, barbital, nembutal, sodium-amatal, or other barbitrate, or barbituric acid preparations, chloralhydrate, bromidia, benzedrine, or amphetamine preparations, or narcotic drugs, to operate or drive a motor vehicle on any highway within this State, as defined in Section 1, of this Act (10322) and any person violating the provisions of this Section shall be deemed guilty of a misdemeanor for the first offense and upon conviction therefor shall be punished by imprisonment in the county jail for a period of time not to exceed one (1) year, or by a fine of not more than Five Hundred ($500.00) Dollars or by both such fine and imprisonment. Any persons found guilty of a second offense under the provisions of this Act shall be deemed guilty of a felony and upon conviction therefor shall be punished by imprisonment in the State Penitentiary for a period of time not to exceed two (2) years, or a fine of not more than One Thousand ($1,000.00) Dollars or by both such fine and imprisonment."

The petition further alleges that the Section 1 referred to in the preceding act is 47 O. S. 1941 § 91, which in part reads. as follows:

"(3) 'Highway' shall mean to include any thoroughfare, highway, county road, state highway or state road, public street, avenue, public park, driveway, public square or place, bridge, viaduct, trestle or any other thoroughfare or structure, public or private, designed, intended or used by or for the general public for travel or traffic or the passage of vehicles, within the State of Oklahoma."

The petitioner further alleges that the Oklahoma State Legislature, by legislative enactment, effective May 27, 1949, repealed 47 O. S. 1941 § 91, and that the 1951 Oklahoma Legislature, by legislative enactment on May 16, 1951, re-enacted said statute but that for the period from May 27, 1949 to May 16, 1951 that 47 O. S. 1941 § 93 was ineffective for the reason that 47 O. S. 1941 § 91, which was the statute defining highways, had been repealed and was not in effect, and that on April 10, 1951, at the time wherein the petitioner was allegedly guilty of driving an automobile on the public highway while under the influence of intoxicating liquor, there was no statute making such an act an offense under the laws of the State of Oklahoma.

The Attorney General, acting on behalf of the respondent, has demurred to the petition, which presents for decision the sole question as to the effect upon 47 O. S. 1941 § 93, of the repeal of 47 O. S. 1941 § 91, by the Motor Vehicle Act of 1949.

The rule that seems to be uniformly followed by the decisions of the courts of last resort of all the states which have had occasion to pass upon the subject is well stated in 168 A. L. R. 628, as follows:

"In the absence of anything in the adopting statute and the circumstances surrounding its enactment to indicate a different legislative intent, the general rule of construction to be drawn from the cases is that a statute adopting and

referring to another statute or to some of its provisions adopts and incorporates the provisions of the earlier statute as they existed at the time of the adoption, but not subsequent additions or modifications of the statute adopted, with the result that the operation of the adopting statute will not be enlarged, limited, or otherwise affected by the subsequent modification or repeal of the adopted statute." Kendall v. United States, 1838, 12 Pet. 524, 9 L. Ed. 1181; Hutto v. Walker County, 1913, 185 Ala. 505, 64 So. 313, Ann. Cas. 1916B, 372; People v. Whipple, 1874, 47 Cal. 592; Wagner v. Retirement Board of P. A. & Benefit Fund, 1938, 370 Ill. 73, 17 N. E. 2d 972; Collins v. Blake, 1887, 79 Me. 218, 9 A. 358; Commonwealth v. Kendall, 1887, 144 Mass. 357, 11 N. E. 425; Shull v. Barton, 1899, 58 Neb. 741, 79 N. W. 732; Wick v. Ft. Plain & R. S. R. Co., 1898, 27 App. Div. 577, 50 N. Y. S. 479; Chelan County v. Navarre, 1905, 38 Wash 684, 80 P. 845; Maricopa County v. Osborn, 1943, 60 Ariz. 290, 136 P. 2d 270; Stoner v. Pittsburg, C. C. & St. L. R. Co., 1909, 9 Ohio N. P., N. S., 337, 20 Ohio Dec. N. P. 448.

It seems to be established law that in the absence of anything to indicate a contrary legislative intent, a provision of a statute adopted into other statutes, or sections of another statute, will not ordinarily be affected by the repeal of the adopted statute. 168 A. L. R. 630; Perkins v. Winslow, 3 W. W. Harr., Del. 188, 133 A. 235; McLeod v. Commercial Nat. Bank, 1944, 206 Ark. 1086, 178 S. W. 2d 496; Johnson v. Laffoon 1934, 257 Ky. 156, 77 S. W. 2d 345; Delahoussaye v. Board of Trustees of City of New Iberia, 1925, 157 La. 782, 103 So. 152; State ex rel. Washington-Oregon Inv. Co. v. Dobson, 1942, 169 Or. 546, 130 P. 2d 939.

In Trimmier v. Carlton, 116 Tex. 572, 296 S. W. 1070, 1074, the court said in part:

"Statutes which refer to other statutes and make them applicable to the subject of legislation are called 'reference statutes,' and are a familiar and valid mode of legislation. The general rule is that when a statute is adopted by a specific descriptive reference, the adoption takes the statute as it exists at that time, and the subsequent amendment thereof would not be within the terms of the adopting act. But when the language of the adopting act is such as to evidence an intention on the part of the Legislature that the act as it then existed and as it might thereafter be amended was to be adopted, then the courts will give effect to that intention, and the adopted act and amendments thereto will be held to be within the meaning of the adopting act and to govern the subject-matter thereof."

In State v. Stroemple, 355 Mo. 1147, 199 S. W. 2d 913, 915, the Supreme Court of Missouri said in part:

"The code of criminal procedure provides that 'On the trial of any indictment or prosecution for a criminal offense, exceptions to any decisions of the court may be made in the same cases and manner provided by law in all civil cases; and bills of exceptions shall be settled, signed, sealed and filed as now allowed by law in civil actions, * * *.' Mo. R. S. A. § 4084 [RSMo1949, § 546.370]. The apposite section of the civil code with reference to the saving of exceptions says that 'either party shall except to the opinion of the court, and shall write his exception and pray the court to allow and sign the same, * * *.' Mo. R. S. A. § 1174. But Section 1174 was specifically repealed by Section 1 of the new civil code of procedure, Laws Mo. 1943, p. 353, and the preliminary question is whether that statute is nevertheless of force so far as criminal procedure is concerned. Section 4084 of the code of criminal procedure has been in effect, virtually unchanged since 1835, R. S. 1935, p. 491, § 23, R. S. 1879, Sec. 1921, and its context as well as the facts plainly indicate that its provisions are continuing in nature; that is, exceptions in criminal cases are to be allowed 'as now allowed by law in civil actions.' The apposite section of the civil code was in force when the criminal code was enacted, with some modifications before and since. See and compare: 1 Terr. Laws 1807, p. 117, § 33, R. S. 1825, p. 631, Sec. 39, Laws Mo. 1849, p. 93, § 6, Laws Mo. 1889, pp. 164, 189, Sec. 3635. As we have said, the new code of civil procedure specifically repealed Section 1174 but plainly it

was not intended that the new civil code should in any way apply to criminal procedure except as its provisions 'are now or hereafter may be made applicable by statute.' * * * It is a coincidence that these identical statutes were before the court in State v. Rogers, 253 Mo. 399, 161 S. W. 770, after the civil code had been amended in 1911, Laws Mo. 1911, p. 139, permitting an extension of time in which to file bills of exceptions. The court then pointed out that present Section 4084 is a reference statute and said, 253 Mo. loc. cit. 408, 161 S. W. loc. cit. 772: 'When a reference statute specifically designates the section or article of the statute of which it is made a part, such reference statute will not be changed or modified by any subsequent change in the statute to which it refers. It has even been held that the provisions of a repealed law may be referred to and thus become a part of a new statute.' "

The Oklahoma Supreme Court, in the case of Dabney v. Hooker, 121 Okla. 193, 249 P. 381, said:

"Where one statute adopts the particular provisions of another by specific reference, it adopts the second statute as it exists at the time of adoption, and not subsequent amendments of it. But where one statute adopts, not another particular statute or section, but the general law governing a subject, the reference will be regarded as including, not only the law in force at the date of the adopting act, but also the law in force when action is taken, or proceedings are resorted to."

It appears to us that neither the law, nor common sense, sustains the contention of petitioner. When the definition of highway, as set forth in § 91, supra, was referred to and made a part of § 93, supra, the same could not be affected by a repeal of Sec. 91, but could only be affected by an amendment or repeal of Sec. 93.

The Supreme Court of the United States in its decisions supports this rule. In the case of Hassett v. Welch, 303 U. S. 303, 58 S. Ct. 559, 564, 82 L. Ed. 858, that court stated:

"A well-settled canon tends to support the position of respondents: 'Where one statute adopts the particular provisions of another by a specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute. * * * Such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent.' The weight of authority holds this rule respecting two separate acts applicable where, as here, one section of a statute refers to another section which alone is amended."

The California District Court of Appeal in the case of Palermo v. Stockton Theatres, Cal. App., 172 P. 2d 103, 106, stated:

"It is a well established principle of statutory law that, where a statute adopts by specific reference the provisions of another statute, regulation, or ordinance, such provisions are incorporated in the form in which they exist at the time of the reference and not as subsequently modified, and that the repeal of the provisions referred to does not affect the adopting statute, in the absence of a clearly expressed intention to the contrary."

In State ex rel. Sayer v. Junkin, 87 Neb. 801, 128 N. W. 630, the Nebraska Supreme Court held that when a portion of an act is incorporated by reference in a later act, if the first act is repealed, it will not affect the latter statute which by reference has embodied within itself the provisions of the former act.

Petitioner has cited no legal authorities to sustain his contention. Neither has there been shown any language from which we could conclude that there was a legislative intent to affect 47 O. S. 1941 § 93, supra, by the repeal of 47

O. S. 1941 § 91, supra, and it appears that the definition of highway set forth in said section 91 remained a part of section 93, supra, as though the same had been copied in full therein at the time of the adoption of such statute.

The writ of habeas corpus is denied.

BRETT, P. J., concurs.