REFERENCE TO RELATED STATUTE — CONTINUED EFFECTIVENESS Title 26 O.S. 424.4 [26-424.4] (1975) remains fully effective even though 26 O.S. 161 [26-161] (1971) was repealed by the Second Regular Session of the Thirty-fourth Oklahoma Legislature. Section 424.4 must be read as though Section 161 was copied in full therein at the time of the adoption of Section 26 O.S. 424.4 [26-424.4]. The Attorney General has considered your request for an opinion wherein you ask the following question: "In view of the repeal of 26 O.S. 161 [26-161] (1971) is 26 O.S. 424.4 [26-424.4] (1975) still effective?" Title 26 O.S. 424.4 [26-424.4] (1975) provides: "Every notification and declaration of candidacy filed pursuant to 26 O.S. 161 [26-161] (1971), shall be accompanied by a disclosure of (1) the candidate's principal source of income for the twelve (12) months immediately preceding the date of such filing; and (2) whether such candidate has an interest, exceeding a value of Two Thousand Five Hundred Dollars ($2,500.00), in any corporation, partnership, association, proprietorship or other entity which does any business with the State of Oklahoma or any subdivision thereof whereby it has received payment from appropriated or bond funds or whereby it will receive payment from appropriated or bond funds for any contract which it then holds and if the answer to that question be `yes,' the candidate shall enlarge upon said answer by disclosing the nature of such interest, provided that no candidate shall be required to report an interest in any corporation, partnership, association or other entity which has more than one hundred stockholders or persons owning an interest therein. A form upon which this information shall be furnished shall be supplied by the Secretary of the State Election Board. A notification and declaration of candidacy shall not be complete unless there be filed with it said form, with answers given thereon. Said form shall be subject to public scrutiny. "It shall be the duty of the Attorney General and the district attorney of the district wherein a notification and declaration of candidacy is filed to enforce the provisions of this act and to, upon request of any elector of the area, examine and inspect such notification and declaration of candidacy, including the form supplying said disclosure information. The venue of any cause or court proceeding arising from any alleged willful or false violation of, or relating to, the provisions of this act shall be in the county wherein the notification and declaration and disclosure instrument was filed or submitted for filing, with the proper officer." (Emphasis added) Your question obviously arises due to the fact that Section 26 O.S. 424.4 [26-424.4] makes reference to 26 O.S. 1971 161 [26-161] which was repealed by the Second Regular Session of the Thirty-fourth Oklahoma Legislature. Prior to its repeal, Section 161 provided for the filing of notifications and declarations of candidacy and established the filing fees for various offices. The general rule of statutory construction germane to your inquiry is enunciated in the case of Ex parte McMahan, Okl. 237 P.2d 462 (1951), wherein the following language appears in syllabi 2 and 3 by the Court: "2. In the absence of any thing in the adopting statute and the circumstances surrounding its enactment to indicate a different legislative intent, the rule of construction is that a statute adopting and referring to another statute or to some of its provisions adopts and incorporates the provisions of the other statute as they existed at the time of adoption, and no subsequent modification or repeal of the statute adopted will enlarge, limit, or otherwise affect the adopting statute. "3. Where one section of a statute adopts a particular provision of another section of the statute, by specific and descriptive reference to the section of the statute adopted, the effect is the same as though the section of the statute which is adopted has been incorporated bodily into the adopting statute, and the subsequent repeal of the section of the statute referred to and adopted does not affect the adopting statute, in the absence of a clearly express legislative intention to the contrary." (Emphasis added) In McMahan, supra, it was held in an original proceeding for a writ of habeas corpus, that 47 O.S. 93 [47-93] (1941) which made it unlawful for any person while under the influence of intoxicating liquor to operate an automobile on any highway within the State as defined in Section 91 of Title 47 was a valid and existing statute notwithstanding the repeal of Section 91 defining the word "highway". Section 424.4 must be read as though Section 161 had been copied in full therein at the time of the adoption of Section 424.4. It should be pointed out that the provisions of Section 161 were basically recodified in the enactment of the new Election Code in 1974 at 26 O.S. 5-101 [26-5-101] to 26 O.S. 5-131 [26-5-131]. It is possible to theorize that although Section 161 was repealed, its recodification in the new Code actually amounts to a "renumbering" of the section thus insuring its continuing viability. If the reference to Section 161 in Section 424.4 is actually a reference to its newly numbered sections, the result would be identical to that reached under the general rule as enunciated in McMahan, supra, i.e. Section 424.4 remains fully effective. It is, therefore, the opinion of the Attorney General that your request be answered in the following manner: Title 26 O.S. 424.4 [26-424.4] (1975) remains fully effective even though 26 O.S. 161 [26-161] (1971) was repealed by the Second Regular Session of the Thirty-fourth Oklahoma Legislature. Section 424.4 must be read as though Section 161 was copied in full therein at the time of the adoption of Section 26 O.S. 424.4 [26-424.4]. (Michael Cauthron)