**Ben Wiley JONES, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O–76–519.**

Court of Criminal Appeals of Oklahoma.

Sept. 2, 1976.

**ORDER DENYING WRIT OF HABEAS CORPUS AND ORDER MODIFYING SENTENCE OF DEATH TO LIFE IMPRISONMENT AT HARD LABOR**

Ben Wiley Jones, Jr., files in this Court a Motion requesting this Court reverse the First Degree Murder conviction and Death Sentence he sustained in the Oklahoma County District Court, Case No. CRF–2221 and remand this cause for a new trial. His conviction was previously affirmed by this Court in *Jones v. State,* Okl.Cr., 542 P.2d 1316, and was before this Court pursuant to a collateral attack, *Jones v. State,* No. PC–76–396 (CCA, Okla., June 3, 1976).

Jones contends that the recent United States Supreme Court decisions have rendered Oklahoma's homicide murder statute, 21 O.S.Supp.1973, § 701.1, et seq. unconstitutional. See *Green v. Oklahoma,* —— U.S. ——, 96 S.Ct. 3216, 49 L.Ed.2d —— (1976); *Justus v. Oklahoma,* —— U.S. ——, 96 S. Ct. 3216, 49 L.Ed.2d —— (1976); *Lusty v. Oklahoma,* —— U.S. ——, 96 S.Ct. 3217, 49 L.Ed.2d —— (1976); *Davis v. Oklahoma,* —— U.S. ——, 96 S.Ct. 3217, 49 L.Ed.2d —— (1976); *Rowbotham v. Oklahoma,* —— U.S. ——, 96 S.Ct. 3218, 49 L.Ed.2d —— (1976) and *Williams and Justus v. Oklahoma,* —— U.S. ——, 96 S.Ct. 3218, 49 L. Ed.2d —— (1976).

He also reiterates the argument presented in *Jones v. State,* Okl.Cr., 542 P. 2d 1316, specifically that the First Degree Murder provision upon which he was con-

victed, 21 O.S.Supp.1973, § 701.1, ¶ 9 is unconstitutional as it improperly incorporates by reference the provisions of 21 O.S.1971, § 843, and thus two punishments exist for Murder in the First Degree, citing the principles in *Ex Parte McMahan*, 94 Okl.Cr. 419, 237 P.2d 462.

■ We first note that no statutory authority exists for the filing of the instant motion, however, we shall construe the pleading as a Writ of Habeas Corpus and thus accept jurisdiction.

■ Jones' latter contention was sufficiently disposed of in *Jones v. State*, Okl. Cr., 542 P.2d 1316, and we find no grounds to persuade us to deviate from that position.

■ Lastly, the United States Supreme Court has not declared Oklahoma's homicide murder statutes unconstitutional, but, merely has stricken the death penalty provision, 21 O.S.Supp.1973, § 701.3, as imposed under this statutory scheme. Thus, the conviction sustained by Jones is valid, however, his punishment of death must be modified to life imprisonment at hard labor. See *Riggs v. Branch*, 554 P.2d 823, Okl.Cr., (1976).

IT IS, THEREFORE, THE ORDER OF THIS COURT that the sentence of death imposed against Jones in the Oklahoma County District Court, Case No. CRF–2221 be, and hereby is, modified to life imprisonment at hard labor.

IT IS, THE FURTHER ORDER OF THIS COURT that the Petition for Writ of Habeas Corpus in the above styled and numbered cause be, and hereby is, DENIED AS SO MODIFIED.

WITNESS OUR HANDS, and the Seal of this Court, this 2nd day of September, 1976.

TOM BRETT, P. J.

HEZ J. BUSSEY, J.

C. F. BLISS, JR, J.