Dear Senator Crain:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Title 24 O.S. 2001, § 148[24-148] of the Oklahoma Statutes, entitled "Request of consumer report — Notice to subject of report," requires the requestor of a consumer report for employment purposes to provide notice to the person who is the subject of the consumer report prior to requesting the report. Title 24 O.S. 2001, § 148[24-148](A) adopts the same meaning of "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 — 1681x ("FCRA"). Does the definition of "consumer report" in 24 O.S. 2001, § 148[24-148](A) include the exceptions to the definition of "consumer report" as adopted by the Fair and Accurate Credit Transactions Act of 2003, Pub.L. No. 108-159 ("FACT Act"), as the exceptions are codified in 15 U.S.C. §§ 1681a(d)(2), 1681a(o) and 1681a(x)?
 2. If the answer to Question 1 is "Yes," does 24 O.S. 2001, § 148[24-148](A) require an employer in the state of Oklahoma to provide prior written notice and a copy of the report to an employee who is the subject of that report, if the report would be considered an investigative report and therefore an exclusion to the definition of a consumer report under the FACT Act?
Title 24 O.S. 2001, § 148[24-148], a provision of the Credit Services Organization Act, provides in pertinent part:
 A. Prior to requesting a consumer report for employment purposes, the requestor or user of the consumer report shall provide written notice to the person who is the subject of the consumer report. The notice shall inform the consumer that a consumer report will be used and the notice shall contain a box that the consumer may check to receive a copy of the consumer report. If the consumer requests a copy of the report, the user of the consumer report shall request that a copy be provided to the consumer when the user of the consumer report requests its copy from the credit reporting agency. The report sent to the consumer shall be provided at no charge to the consumer. As used in this section, "consumer report" shall have the same meaning as that term is defined in the federal Fair Credit Reporting Act, 15 U.S.C., Sections 1681 et seq..
Id. (emphasis added). This provision adopts the definition of "consumer report" as it is defined in the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 — 1681t (2000), which was amended by the Fair and Accurate Credit Transactions Act ("FACT Act") of 2003, Pub.L. No. 108-159, 117 Stat. 1952 (2003) (codified as amended at 15 U.S.C. §§ 1681 — 1681y (2005)).
The FCRA was enacted by Congress "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."15 U.S.C. § 1681(b); see also Matthiesen v. Banc One Mortgage Corp.,173 F.3d 1242, 1245 (10th Cir. 1999) ("The purpose of FCRA is to ensure accuracy and fairness in credit reporting and to require that such reporting is confidential, accurate, relevant, and proper."). "The FCRA generally prohibits `consumer-reporting agencies' from furnishing `consumer reports' to employers for `employment purposes,' unless the advance consent and disclosure requirements of the Act are met." Rod M. Fliegel Ronald D. Arena, The Impact of the FACT Act on Employee MisconductInvestigations and Implications for FCRA and Title VIICompliance, 20 LAB. LAW. 97, 98-99 (2004) [hereinafter EmployeeMisconduct].
In 1999, the Federal Trade Commission ("FTC") issued a controversial advisory letter, which advised that third-party investigators hired by employers to perform investigations in the workplace, such as sexual harassment investigations, are "consumer reporting agencies," and that reports prepared by such investigators are "most likely `investigative consumer reports'" subject to FCRA. Letter from Christopher W. Keller, Attorney, Federal Trade Commission, to Judi A. Vail, Attorney 2 (Apr. 5, 1999) (on file with the Oklahoma Attorney General's Office),http://www.ftc.gov/os/statutes/fcra/vail.htm (last visited Apr. 10, 2006) [hereinafter Vail Letter]. See EmployeeMisconduct at 99; see also New Law Requires EmployersTo Give Disciplined Employees Summaries Of Third-PartyInvestigative Reports Regarding Workplace Misconduct, N.E. ED. 12 METRO. CORP. COUNSEL 11, Wilfred J. Benoit, Jr. 
Christopher B. Kaczmarek, Nov. 2004, at 21,http://www.metrocorpcounsel.com (last visited May 8, 2006) [hereinafter Workplace Misconduct]. Controversy ensued because the FTC was viewed as adopting the position that employers were required to provide advance notice to and obtain written consent from employees suspected of wrongdoing prior to an investigation, giving employees opportunities to frustrate any investigations by destroying evidence or intimidating witnesses. See Employee Misconduct at 99-100;Workplace Misconduct at 21.
The FACT Act addressed, among other things, the controversy engendered by the FTC's advisory letter by exempting from the definition of consumer report or investigative consumer report any report that otherwise would fall within that definition if: (1) the communication is made to an employer in connection with an investigation of (a) suspected misconduct relating to employment, or (b) compliance with federal, state, or local law, the rules of a self regulatory organization (such as the New York Stock Exchange or National Association of Securities Dealers), or any pre-existing written policies of the employer; (2) it is not made for the purpose of investigating creditworthiness; and (3) it is not provided to any person except (a) the employer or its agent, (b) the government, (c) an SRO [self-regulatory organization such as the New York Stock Exchange or National Association of Securities Dealers], or (d) as required by law.See 15 U.S.C. § 1681a(x)(1); Employee Misconduct at 100;Workplace Misconduct at 21.[1] You ask, in essence, whether by adopting the definition of "consumer report" as it is defined in the federal Fair Credit Reporting Act, Title 24 O.S. 2001, § 148[24-148] of the Oklahoma Statutes adopts subsequent modifications to the FCRA, more specifically the exemptions or exclusions in the FACT Act. In Ex parte McMahan, the Oklahoma Criminal Court of Appeals observed:
 The rule that seems to be uniformly followed by the decisions of the courts of last resort of all the states which have had occasion to pass upon the subject is well stated in 168 A.L.R. 628, as follows: "In the absence of anything in the adopting statute and the circumstances surrounding its enactment to indicate a different legislative intent, the general rule of construction to be drawn from the cases is that a statute adopting and referring to another statute or to some of its provisions adopts and incorporates the provisions of the earlier statute as they existed at the time of the adoption, but not subsequent additions or modifications of the statute adopted, with the result that the operation of the adopting statute will not be enlarged, limited, or otherwise affected by the subsequent modification or repeal of the adopted statute."
Id., 237 P.2d 462, 465 (Okla.Crim. 1951) (citations omitted).McMahan cited cases from various jurisdictions in accordance with the rule and applied it, holding that the subsequent repeal of a statute adopted by another statute will not affect the adopting statute. Id.; see R.J. Fox, Annotation, Effect ofModification or Repeal of Constitutional or Statutory ProvisionAdopted by Reference in Another Provision, 168 A.L.R. 627 (1947) http://www.westlaw.com; Jeanelle R. Robson, "Lazarus Come Forth.And He That Was Dead Came Forth." An Examination of the LazarusRule: Fisher v. City of Grand Island, 26 CREIGHTON L. REV. 221, 232 (1992) (collecting cases) (footnote omitted).
Title 24 O.S. 2001, § 148[24-148] was effective November 1, 2000. See
2000 Okla. Sess. Laws ch. 170, § 1. The FACT Act was effective December 4, 2003. See Fair and Accurate Credit Transactions Act ("FACT Act") of 2003, Pub.L. No. 108-159, 117 Stat. 1952 (2003) (codified as amended at 15 U.S.C. §§ 1681 — 1681y (2005)). There is no language in 24 O.S. 2001, § 148[24-148] indicating that the Legislature intended to adopt any subsequent modification to the FCRA. In accordance with the rule articulated in McMahan, the amendments to FCRA enacted by the FACT Act were not subsequently adopted by 24 O.S. 2001, § 148[24-148].[2] Because we have answered your first question in the negative, it is unnecessary to address your second question.
It is, therefore, the Official Opinion of the Attorney Generalthat:
 Title 24 O.S. 2001, § 148[24-148] of the Oklahoma Statutes, entitled" Request of consumer report — Notice to subject of report," requires the requestor of a consumer report for employment purposes to provide notice to the person who is the subject of the consumer report prior to requesting the report. Title 24 O.S. 2001, § 148[24-148] adopts the same meaning of "consumer report" as that term is defined in the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 — 1681t (2000). The definition of "consumer report" found in 24 O.S. 2001, § 148[24-148] does not include the exceptions to the definition of "consumer report" as adopted by the Fair and Accurate Credit Transactions Act of 2003 ("FACT Act") Pub.L. No. 108-159, 117 Stat. 1952 (2003) (codified as amended at 15 U.S.C. §§ 1681 — 1681y (2005)).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOANN T. STEVENSON ASSISTANT ATTORNEY GENERAL
[1] However, the FACT Act does require that after taking any adverse action based in whole or in part on the investigative report, the employee be provided with a summary containing the nature and substance of the report. 15 U.S.C. § 1681a(x)(2);Employee Misconduct at 100; Workplace Misconduct at 21.
[2] We note that while the FACT Act appears to have amended subsection (x) of Section 1681a of the FCRA, it does not appear to amend the other subsections you reference in your questions, namely subsections (d) and (o).